IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2037-BO

| | | |
|---|---|---|
| JOSE M. HERNANDEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROBERT C. LEWIS, | ) | |
| Respondent. | ) | |

Jose M. Hernandez is a state prisoner. Hernandez petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Robert C. Lewis ("respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation pursuant to 28 U.S.C. § 2244(d)(1). [D.E. 8] Petitioner responded. [D.E. 11] The matter is ripe for determination.

I.  Background

After the trial began on September 16, 2001, in the Superior Court of Pitt County, petitioner pled guilty to common law attempted first-degree murder, assault on a law enforcement officer, assault with a deadly weapon with intent to kill (AWDWIK), carrying a concealed weapon, driving while license revoked, driving while impaired, and resisting a public officer. [Pet., Question 1]; State v. Hernandez, 200 N.C. App. 618, 687 S.E.2d 711 (2009) (unpublished). On September 17, 2002, he was sentenced to one consolidated judgment of 220-273 months imprisonment. [Id., Question 3]; Hernandez, 200 N.C. App. 618, *3. Petitioner was represented at trial by Mr. Steven M. Fisher. [Id., Question 16]

On August 12, 2003, petitioner filed a certiorari petition in the North Carolina Court of Appeals seeking a belated appeal. Hernandez, 200 N.C. App. 618, *3. On September 3, 2003, certiorari was allowed. Id. The appellate entries were not prepared for an unknown reason until February 7, 2008,

and the record on appeal was filed November 19, 2008. Id. at 3-4. For this appeal, petitioner was represented by Jarvis John Edgerton, IV. Id. at *1. On November 3, 2009, the North Carolina Court of Appeals affirmed petitioner's judgment. Id. at *1-6.

While petitioner's belated appeal was pending, he filed a pro se federal habeas petition in this court, which was dismissed without prejudice on grounds of non-exhaustion on April 28, 2005. Hernandez v. Carroll, No. 5:05-HC-106-FL (E.D.N.C. 2005). Additionally, on June 25, 2007, petitioner filed a pro se "Motion for Relief from Judgment," in the Superior Court of Pitt County. (Mem. in Supp. of M. for Summ. J., Exhibit 6, at pages 31-46) At that time, petitioner's appeal was pending in the North Carolina Court of Appeals. (Id., Exhibit 3, at page 30 showing certiorari had been granted on September 3, 2003 to allow a belated appeal) Thus, the trial court lacked jurisdiction over the case, and did not rule on the motion. See N.C.G.S. § 15A-1418(a) (2009) (when certiorari granted, motion for appropriate relief properly filed in appellate court, and not in trial court).

On January 26, 2010, petitioner filed a pro se petition for discretionary review (PDR) in the Supreme Court of North Carolina, which was denied on March 11, 2010. State v. Hernandez, 363 N.C. 857, 694 S.E.2d 767 (2010). The petition now before this court was dated February 13, 2011.

II.  Facts

As found by the Court of Appeals, the facts of this case are as follows:

> The evidence at trial tended to show that sometime during 2000, defendant was arrested by Trooper William Brown ("Trooper Brown") of the North Carolina Highway Patrol for driving while impaired. In May 2000, defendant failed to appear in court on this charge, and a warrant was issued for his arrest.
>
> On 9 May 2001, Trooper Brown observed defendant in a white Honda Prelude automobile on Stantonsburg Road in Pitt County. Knowing that the order for arrest was outstanding, Trooper Brown followed defendant's vehicle into the parking lot of the Hustle Mart convenience store. As defendant got out of his vehicle, Trooper

Brown called out for him to stop, but defendant started to run. Trooper Brown chased defendant, and when he caught up with him, defendant turned around and raised his fists in a fighting stance. Responding to defendant's behavior, Trooper Brown pulled his can of mace from his service belt. As Trooper Brown raised his mace, defendant reached behind his back and pulled out a gun. At this point, Trooper Brown pulled his weapon as he ran behind a car to shield himself. Gunfire was exchanged between defendant and Trooper Brown. Eventually, defendant fell and dropped his gun. Seeing that defendant was wounded, Trooper Brown went over to him, picked up his gun, and called for assistance. As Trooper Brown was calling for assistance, defendant got up and took off running into a nearby field. Trooper Brown attempted to go after defendant, but he lost sight of him in the field. A deputy sheriff arrived with a canine, and Trooper Brown asked for assistance in tracking defendant. With the help of the canine unit, Trooper Brown was able to apprehend and arrest defendant.

Defendant's case came to trial on 16 September 2002. After the trial began, however, defendant entered pleas of guilty to common law attempted murder in the first degree, assault on a law enforcement officer pursuant to N.C.G.S. § 14-34.5, assault with a deadly weapon with intent to kill pursuant to N.C.G.S. § 14-32(c), carrying a concealed weapon pursuant to N.C.G.S. § 14-269(a1), driving with a revoked license pursuant to N.C.G.S. § 20-28(a), driving while impaired pursuant to N.C.G.S. § 20-138.1(a), and resisting a public officer pursuant to N.C.G.S. § 14-223. The trial court consolidated the offenses, made findings in aggravation, and entered judgment on 17 September 2002 sentencing defendant to imprisonment for a minimum of 220 months and a maximum of 273 months.

Hernandez, 200 N.C. App. 618, *1.

III. Issues

Petitioner contends: (1) he entered guilty pleas for all charges before the state rested its case, with the state agreeing to consolidate the convictions into one judgment and commitment; (2) he was subjected to double jeopardy when the state brought multiple charges out of a single offense, and the state failed to meet the elements of malice and premeditation in indictment, common law first-degree murder, making indictment invalid; (3) counsel was ineffective for turning down a plea of three years in open court against petitioner's wishes; (4) the state failed to tender evidence that petitioner was on pre-trial release at the time of the offenses; and (5) his indictments for attempted murder,

3

AWDWIK, carrying a concealed weapon, and assault on a law enforcement officer, failed to allege the essential and necessary elements of the offenses.

IV. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on November 3, 2009. Petitioner then had thirty-five (35) days, until Tuesday, December 8, 2009, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b)

4

(mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court.[1] See Gonzalez v. Thaler, ___U.S.___, 132 S. Ct. 641, 2012 WL 43513. *10 (2012) (where petitioner does not seek review in a State's highest court judgment becomes final when the time for seeking such review expires, and does not receive the benefit of the 90 days in which to seek certiorari to the Supreme Court of the United States from Supreme Court Rule 13.1). Thus, petitioner's conviction became final on December 8, 2009, when his case became final for purposes of direct appellate review.

Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) began to run from December 8, 2009, and fully expired 365 days later on Wednesday, December 8, 2010. This petition was not signed until February 13, 2011, and is approximately two months out of time.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[1] Petitioner's out-of-time pro se petition for discretionary review (PDR) filed in the North Carolina Supreme Court on January 26, 2010, does not resurrect his direct appeal or otherwise toll the one-year period of limitation. See N.C.R. App. P. 21; Arrington v. Stancil, No. 5:11-HC-2018-BO, 2012 WL 125755, at *2 (E.D.N.C. Jan.17, 2012), appeal dismissed, No. 12-6290, 2012 WL 2354469 (4th Cir. June 21, 2012) (citations omitted); see generally, Saguilar v. Harkleroad, 348 F. Supp.2d 595, 598 (M.D.N.C.2004) ("A request for an "extraordinary writ," which is not part of the regular review process, does not toll the AEDPA limitation period."), appeal dismissed. 145 F. App'x 444 (4th Cir. Oct.14, 2005).

applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, respondent's Motion for Summary Judgment [D.E. 8 and 9] is GRANTED, and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 15 day of August 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE